**HUA SHEN OU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General [1], Respondent.**

No. 05–6776–ag.

United States Court of Appeals, Second Circuit.

March 19, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, N.Y., for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York (Sue Chen, Special Assistant United States Attorney, Sarah S. Normand, Assistant United States Attorney, of counsel), New York, N.Y., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Hua Shen Ou, a native and citizen of the People's Republic of China, seeks review of the December 5, 2005 order of the BIA affirming the March 1, 2001 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Shen Ou,* No. A76 506 134 (B.I.A. Dec. 5, 2005), *aff'g* No. A76 506 134 (Immig. Ct. N.Y. City Mar. 1, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA issues an independent decision on remand from this Court and does not adopt the decision of the IJ, we review the decision of the BIA alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 311 (2d Cir.2007) (en banc), "a spouse who has not demonstrated that he himself is a victim of persecution cannot be entitled to asylum under [8 U.S.C. § 1101(a)(42) ]." We are obligated to apply this intervening precedent. *See, e.g., Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007). Therefore, even assuming that the forced insertion of an intrauterine device ("IUD") could be a basis for relief under the asylum statute, the BIA properly denied Ou's asylum application to the

extent that it was based on his wife having had such a procedure.

◼ Regarding Ou's claim that his "resistance" to China's coercive population control program entitles him to asylum, *see* 8 U.S.C. § 1101(a)(42), we find that it would be improper to remand this claim to the agency for further consideration because Ou failed to raise it in his previous appearances before the IJ and BIA. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007) (noting that this Court should not remand to the BIA for the consideration of additional evidence where, *inter alia*, "the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence").[2]

◼ Regarding Ou's fear of sterilization under China's family planning policy, we find no error in the BIA's conclusion that this fear was speculative. Like the petitioner in *Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005), the decision that the BIA cited to support its conclusion, Ou has failed to offer evidence that he would be subject to forced sterilization in his home province on the basis of his current situation (Ou has one child, a son, in China; he has not alleged that his wife is pregnant with a second child or that he has any children in the United States). *See Jian Wen Wang v. Bureau of Citizenship & Immigration Serv.*, 437 F.3d 276, 278 (2d Cir.2006) (finding that the petitioner's claim failed to meet the standard for a well-founded fear of persecution where the

petitioner "presented no evidence to show the likelihood that a person in his situation would be subject to persecution" under the family planning policy if returned to China). And like the record in *Jian Xing Huang*, the record in Ou's case undercuts his claim: it suggests that in Ou's home province of Fujian, sterilization may be required of either parent only (if at all) after the birth of a second child. *Jian Xing Huang*, 421 F.3d at 128. Because Ou's fear of sterilization lacks "solid support in the record," the BIA did not err in finding it too speculative to constitute a well founded fear of future persecution. *Id.* at 129.

◼ We further conclude that the BIA did not err when it declined to consider Ou's asylum claim based on his illegal departure from China. Ou did not raise his illegal departure as a basis for asylum in his first appearance before the BIA in 2002, or when specifying the issues that the BIA was to address in its opinion on remand in 2005, or in the two-page supplemental brief he filed in advance of the BIA's December 2005 order. Moreover, given that the issues enumerated in the joint stipulation were the result of negotiations between the parties, it was reasonable for the BIA to decline to address arguments outside the scope of the stipulation as doing so may have prejudiced the government. In light of the particular facts presented in this case, we regard Ou's asylum claim based on his illegal departure as unexhausted and, therefore, decline to consider it. *See Lin Zhong*, 480 F.3d at 119–20.[3]

---

**2.** A different approach might be required for a petitioner who, at the time he filed for asylum, was *clearly* entitled to protection on the basis of pre-*Shi Liang Lin* law, and who therefore did not bother trying to argue that he was additionally persecuted on the basis of his personal "resistance" to China's family

planning policy. This petitioner, however, has no such excuse. And so we, of course, take no position on this issue.

**3.** Again, a different result might be warranted had this petitioner, at the time he filed for asylum, been clearly entitled to asylum on the

■ Finally, we find that the BIA's denial of Ou's CAT claim was not improper. Despite Ou's claims to the contrary, the BIA explicitly considered his claim that he was kicked two or three times while in detention following his first attempted illegal departure. The BIA concluded that he failed to establish that these incidents amounted to torture. That conclusion is consistent with the definition of "torture" in the CAT, *see Pierre v. Gonzales*, 502 F.3d 109, 114–16 (2d Cir.2007), and Ou points to no record evidence that requires a different finding. Moreover, the fact that Ou experienced some harm while in detention did not establish that it was more likely than not that he would face torture if returned to China. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). As for Ou's evidence that those who have departed China illegally are sometimes detained, and that some detainees face torture in China, that evidence is not sufficiently "particularized" to compellingly contradict the BIA's conclusion that Ou failed to demonstrate that someone in his circumstances would more likely than not face torture in China. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

basis of pre-*Shi Liang Lin* law. That circumstance, however, is not before us, and so we take no position on it.

